UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD R. FULLER,

Plaintiff,

v.

Case No. 22-cv-12531
Hon. Matthew F. Leitman

VICKI ROUSH AND THE MICHIGAN DEPARTMENT OF CORRECTIONS,

Defendants.

__________________________________________________________________/

**ORDER (1) ADOPTING IN PART RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 32); (2) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 24); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 27); (4) SUSTAINING IN PART AND TERMINATING WITHOUT PREJUDICE IN PART DEFENDANTS' OBJECTIONS (ECF No. 33) TO REPORT AND RECOMMENDATION; AND (5) GRANTING DEFENDANT ROUSH LEAVE TO FILE A RENEWED MOTION TO DISMISS**

Plaintiff Gerald Fuller is a former state prisoner who at all relevant times was in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Fuller claims that the MDOC and Vicki Roush, a psychologist employed by the MDOC, improperly classified him as a sex offender and required him to complete a sex offender treatment program. Fuller further claims that Roush lied about his status as a sex offender to the parole board when he became eligible for parole. He insists that as a result of Roush's lies and his misclassification as a sex

offender, he was denied parole. In his Complaint, Fuller alleges ten separate constitutional claims against the MDOC and against Roush, in both her individual and official capacities. (*See* Compl., ECF No. 1.) Specifically, he alleges violations of (1) his procedural due process rights, (2) his substantive due process rights (3) his rights under the Fifth Amendment, (4) his rights under the Sixth Amendment, and (5) his rights under the Eighth Amendment. (*See id.*) He seeks injunctive relief, declaratory relief, and monetary damages. (*See id.*)

On September 11, 2023, Defendants moved to dismiss Fuller's Complaint on various grounds. (*See* Mot., ECF No. 24.) As relevant here, the Defendants argued that sovereign immunity barred Fuller's claims for damages against the MDOC and against Roush in her official capacity, and they also asserted that Fuller's claim for injunctive and declaratory relief was moot. In addition, Defendants argued that Fuller had failed to state claims on which relief could be granted, and Roush further argued that she was entitled to qualified immunity from Fuller's claims against her in her personal capacity. Fuller also filed his own motion for partial summary judgment in which he sought the entry of judgment in his favor on some of his claims. (*See* Mot., ECF No. 27.)

Both motions were referred to the assigned Magistrate Judge. On June 17, 2024, the Magistrate Judge issued a Report and Recommendation on the motions (the "R&R"). (*See* R&R, ECF No. 32.) The Magistrate Judge first recommended

that the Court deny Fuller's motion. (*See id.*, PageID.445-447.) Then, with respect to Defendants' motion, he recommended that the Court dismiss all of Fuller's claims *except* for his procedural and substantive due process claims to the extent that those claims sought (1) money damages from Roush in her personal capacity and (2) injunctive/declaratory relief against the MDOC. (*See id.*, PageID.418-444). In the context of that recommendation, the Magistrate Judge rejected Roush's argument that she was entitled to qualified immunity and rejected the MDOC's argument that Fuller's request for injunctive/declaratory relief had become moot. (*See id.*)

Defendants filed objections to the R&R on July 1, 2024. (*See* Obj., ECF No. 33.) Those objections are discussed in specific detail below. Fuller did not file any objections.

The R&R and Defendants' objections are now before the Court for review. For the reasons explained in detail below, the Court will:

- Deny Fuller's motion for partial summary judgment because Fuller did not object to the R&R.
- Dismiss all of Fuller's claims *except* for his procedural and substantive due process claims to the extent that those claims seek money damages from Roush in her personal capacity. However, the Court will grant Roush leave to file a renewed motion to dismiss the claims.

- Dismiss Fuller's request for injunctive/declaratory relief against the MDOC on the basis that the request for such relief has become moot in light of developments occurring after the Magistrate Judge issued the R&R.

**I**

The factual background of this case is described in detail in the R&R. (*See* R&R, ECF No. 32, PageID.409-416.) In brief, in 2018, Fuller was charged in the Wayne County Circuit Court with one count of assault with intent to commit sexual penetration, one count of assault with intent to commit criminal sexual contact, felonious assault, and resisting and obstructing a police officer. (*See* Compl., ECF No. 1, PageID.38.) A jury subsequently convicted Fuller of resisting and obstructing a police officer and the lesser-included offense of assault and battery. (*See id.*) He was not convicted of any sexual assault crimes. (*See id.*) The state trial court then sentenced Fuller to 58 months to 15 years on the resisting and obstructing conviction based on his status as a fourth habitual offender and to time served on the assault and battery convictions. (*See id.*, PageID.38-39.)

Fuller says that when he began serving his sentence in November 2018, despite not being convicted of any sexual assault crimes, the MDOC wrongly classified him as a sex offender. (*See id.*, PageID.1-2.) Fuller says that as a result of that classification, he was required to participate in the Michigan Sexual Abuse

Prevention Program (the "MSAP Program"). (*See id.*) At the prison where Fuller was incarcerated, the MSAP Program was run by Roush.

Fuller says that he repeatedly attempted to tell Roush that he had been wrongly classified as a sex offender, but she refused to respond or take any action. (*See id.*, PageID.3.) Fuller further claims that when he came up for parole in 2021, Roush conducted a psychological evaluation of him that involved using two risk-assessment tests for sexual offenders – the Static-99R and the STABLE-2007. (*See id.*, PageID.48.) In that evaluation, Roush wrote that "Fuller's score [on the Static-99R test] place[d] him in the above average risk category for being charged or convicted of another sexual offense." (*Id.*) Fuller further says that while conducting the evaluation, Roush called him a "rapist" and that she fabricated and falsified other facts in her evaluation that portrayed him as a sexual offender. (*See id.*, PageID.4-7.) Fuller insists that a result of Roush's evaluation, and the requirement that he participate in the MSAP Program, he was repeatedly denied parole. (*See id.*, PageID.5.)

Fuller was released from prison on September 21, 2023, and his term of parole ended on September 21, 2024. (*See id.*, PageID.20; ECF No. 29-2, PageID.393-394.) Fuller is therefore no longer in custody and no longer subject to supervision by the MDOC.

## II

On October 20, 2022, Fuller filed this action against the MDOC and against Roush in both her official and personal capacity. (*See* Compl., ECF No. 1.) As stated above, Fuller alleges that the Defendants violated his constitutional rights. (*See id.*) He also seeks declaratory and injunctive relief. More specifically, he seeks an order requiring the Defendants to:

> cease classifying, labeling and stigmatizing [him] as a sex offender in all files pertaining to [him] including electronic and paper, including all health files and diagnos[e]s. And all mandatory and involuntary sex offender treatment be null and void and removed from all [his] files and paperwork. All false evidence be totally removed from all M.D.O.C. files, including electronic and paper and health.

(Compl., ECF No. 1, PageID.10.)

As explained above, Defendants filed a motion to dismiss all of Fuller's claims, and Fuller filed his own motion for partial summary judgment. (*See* Mots., ECF Nos. 24, 27.) On June 17, 2024, the Magistrate Judge issued the R&R in which he recommended that the Court grant in part and deny in part Defendants' motion and deny Fuller's motion as set forth above. (*See* R&R, ECF No. 32.) Defendants filed objections to the R&R on July 1, 2024. (*See* Obj., ECF No. 33.) The relevant portions of the R&R and the Defendants' objections are discussed in more detail below.

Fuller did not file any response to Defendants' objections. Nor did he file his own objections to the portions of the R&R that were unfavorable to him.

**III**

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions de novo. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, 957 (6th Cir. 1987) (explaining that where a party fails to file "timely objections" to a report and recommendation, the court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Hum. Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

**IV**

**A**

The Court begins with the portions of the R&R to which there are no objections. As explained above, Fuller has not filed any objections to the R&R. Nor has he contacted the Court to ask for additional time to file objections. Accordingly,

because Fuller has not filed any objections to the R&R, the Court will adopt the recommendations in the R&R that the Court (1) deny Fuller's partial motion for summary judgment and (2) dismiss all of Fuller's claims against the Defendants *except* for his procedural and substantive due process claims and his request for declaratory and injunctive relief.

Fuller's motion for partial summary judgment (ECF No. 27) is therefore **DENIED** and all of his claims other than his procedural and substantive due process claims and his request for declaratory and injunctive relief are **DISMISSED**.

**B**

The Court next turns to Fuller's request for declaratory and injunctive relief. As noted above, in that relief Fuller seeks a declaration and/or injunction (1) precluding Defendants from requiring him to participate in "mandatory and involuntary sex offender treatment" and (2) requiring the removal and/or destruction of MDOC documents that identify him as a sex offender. (Resp., ECF No. 26, PageID.341; Compl., ECF No. 1, PageID.10.) Defendants moved to dismiss this request for relief on the basis that it was moot. (*See* Mot. to Dismiss, ECF No. 32.)

The Magistrate Judge concluded that Fuller's request for declaratory and injunctive relief was not moot. (*See* R&R, ECF No. 32, PageID.419-423.) In their objection to that recommendation, the Defendants point out that there has been a substantial change in circumstances since the time the Magistrate Judge issued the

R&R: on September 21, 2024, Fuller was released from parole. (*See* Obj., ECF No. 33, PageID.460.) They therefore insist that the harm sought to remedied by the requested injunctive and/or declaratory relief has ended and is "not reasonably likely to recur." (*Id.*, PageID.459, quoting *League of Women Voters of Ohio v. Brunner*, 548 F. 463, 473 (6th Cir. 2008).) More specifically, they argue that because Fuller's parole has ended, he can no longer be compelled to participate in any sex offender treatment, and his designation as a sex offender on internal MDOC documents no longer has any impact on him.

The Court agrees. At the time that the Magistrate Judge issued the R&R, Fuller was still on parole. Thus, there was still some theoretical possibility that Fuller could have been compelled to participate in treatment and/or that the MDOC could have taken some action against Fuller based upon the fact that its internal documents labeled him as a sex offender. But the termination of his parole has placed him beyond the reach of the MDOC and its employees. They cannot force him to receive treatment, and their internal documents no longer have any impact on him. The Court is therefore persuaded that Fuller's request for declaratory and injunctive relief has now become moot. The Court will therefore **DISMISS** Fuller's request for that relief. Given that dismissal, the Court will also **DISMISS** the remaining due process claims against the MDOC because, given the MDOC's

sovereign immunity, those claims may seek only injunctive and/or declaratory relief from the MDOC.

**C**

Finally, the Court turns to the only remaining claims in this case: Fuller's procedural and substantive due process claims brought against Roush in her personal capacity. As described above, Defendants moved to dismiss these claims on the basis of qualified immunity. "Qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Chapman*, 814 F.3d 447, 457 (6th Cir. 2016) (internal quotation marks omitted) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). "This immunity 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions,' 'protect[ing] all but the plainly incompetent or those who knowingly violate the law.'" *Jacobs v. Alam*, 915 F.3d 1028, 1039 (6th Cir. 2019) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). Once a defendant raises a qualified immunity defense, the "plaintiff bears the burden of showing that [the] defendant is not entitled to qualified immunity." *Id.* "A qualified-immunity inquiry involves two questions: whether defendants violated a constitutional right and whether that right was clearly established." *Brown*, 814 F.3d at 457.

In response to Defendants' qualified immunity argument, Fuller made two arguments that have not yet been fully addressed. First, Fuller argued that Roush's acts of deliberately misclassifying him as a sexual offender and "plant[ing] false evidence in a clinical report" that was used when considering his eligibility for parole were such a "shocking abuse of governmental power" that "[a]ny reasonable official would know [that those] actions [were] illegal." (Resp., ECF No. 26, PageID.340-341.) Thus, according to Fuller, Roush was not entitled to qualified immunity even if there was no controlling authority holding that her particular misconduct was unconstitutional. (*See id*.) Roush did not respond to that argument in the briefing on the motion to dismiss, and the argument was therefore not addressed in the R&R.

Second, Fuller argued that his due process rights were clearly established by a body of published caselaw from other circuits. (*See id.*) The R&R did not address this argument or line of cases because it did not reach the clearly-established prong of the qualified immunity analysis. Instead, the R&R focused on the first prong of the qualified immunity analysis – namely, whether Fuller had sufficiently alleged that Roush had violated his constitutional rights – and concluded that Fuller had satisfied that prong. The Magistrate Judge then explained that he did not conduct a detailed analysis of whether Fuller's rights were clearly established for two reasons: because (1) Defendants defined the rights at issue at "too fine a degree of particularity" and (2) it is "generally inappropriate for a district court to grant a

12(b)(6) motion to dismiss on the basis of qualified immunity." (R&R, ECF No. 32, PageID.430 n.18, quoting *Hart v. Hillsdale Cnty., Mich.*, 973 F.3d 627, 635 (6th Cir. 2020).)

After reviewing the R&R, Defendants' objections, and the parties' briefing on the motion to dismiss, the Court concludes that the qualified immunity issue should not be decided without further motion practice and input from the Magistrate Judge with respect to the two issues identified above that have not been fully addressed. As Fuller notes, some constitutional violations are so obvious that a qualified immunity defense fails even if there was no previous case on point. *See*, *e.g.*, *Paterek v. Village of Armada, Mich.*, 801 F.3d 630, 651 (6th Cir. 2015) (internal citations omitted) (cleaned up) (rejecting qualified immunity defense and explaining that "a case directly on point is not [always] required to establish that the law is clearly established because some violations of constitutional rights are so obvious that a materially similar case would be unnecessary"). Fuller's argument about the obviousness of Roush's misconduct warrants full consideration. It may be quite difficult for Fuller to prevail on this argument, but it should be fully briefed by the parties and considered by the Magistrate Judge and the Court before a decision is made on Roush's qualified immunity defense.

Likewise, it is important to reach and analyze the clearly-established prong of Roush's qualified immunity defense. While the Magistrate Judge correctly and

understandably noted that there is a long line of Sixth Circuit cases cautioning against granting motions to dismiss based on qualified immunity, the Sixth Circuit recently "clarif[ied]" that its language in those earlier decisions was "[a]t best imprecise." *Crawford v. Tilley*, 15 F.4th 752, 763 (6th Cir. 2021). The court said that there is no "special rule or presumption against granting motions to dismiss that applies specifically for qualified immunity." *Id.* (reversing denial of qualified immunity to defendant who moved to dismiss plaintiff's complaint under Rule 12 on the basis of qualified immunity). The court recognized that its prior "reluctance to dismiss cases on qualified immunity might have more vitality in the clearly established context . . . because the clearly established inquiry may turn on case-specific details that must be fleshed out in discovery," *id.*, but the court ultimately concluded that "a complaint distinguishable from our past cases on its face will not often survive a motion to dismiss on qualified immunity grounds. This is especially true where granting relief to the plaintiff can only be done by recognizing a novel constitutional right." *Id.* at 766. In light of *Crawford*, the Court concludes that Roush's qualified immunity defense should not be rejected at the motion to dismiss stage without a thorough analysis of the clearly established prong of the defense or a careful explanation as to why additional factual development is necessary before

that prong can be addressed.[1] The Court further concludes that it would benefit substantially from the Magistrate Judge's analysis of the clearly established prong of the defense and of whether factual development is necessary before resolving Roush's qualified immunity defense on this prong.[2]

**D**

Given the Court's determinations above, the Court concludes that the best path forward is to grant Roush leave to file a renewed motion to dismiss the claims against her in her personal capacity. In that motion, she may raise any arguments and defenses she deems appropriate, including a defense of qualified immunity.

---

[1] The Court further concludes that the clearly established prong of the qualified immunity defense should be addressed even if, as the Magistrate Judge concluded, Roush is defining the right in question (for purposes of the clearly established analysis) at too fine a level of detail. In order to defeat Roush's qualified immunity defense, it is Fuller's burden to identify the right at issue at the appropriate level and to establish that the right is clearly established. *See Jacobs*, 915 F.3d at 1039 (explaining that once a qualified immunity defense is raised, the "plaintiff bears the burden of showing that [the] defendant is not entitled to qualified immunity").

[2] The Court is fully aware of Roush's argument that the Court need not even reach the clearly established prong of the qualified immunity analysis because, in her view, Fuller has not sufficiently alleged a violation of a constitutional right, and thus his claim fails at the first prong of the analysis. The Court nonetheless believes that it is worthwhile for the parties and Magistrate Judge to conduct an analysis of the clearly established prong. The Court has the option of resolving Roush's qualified immunity defense on either prong of the analysis, *see Brown*, 814 F.3d at 457, and if the Court chooses to uphold the defense, it may conclude that the soundest basis for doing so rests upon the clearly established prong.

**V**

For all of the reasons explained above, the Court resolves Defendants' objections to the R&R and the parties' pending motions as follows:

- Fuller's motion for partial summary judgment (ECF No. 27) is **DENIED** because Fuller did not object to the R&R.
- Defendants' motion to dismiss (ECF No. 24) is **GRANTED IN PART** as to all of Fuller's claims *except* for his procedural and substantive due process claims to the extent that those claims seek money damages from Roush in her personal capacity. All of Fuller's other claims, and his request for declaratory and injunctive relief against the MDOC, are **DISMISSED**.
- The only claims that remain pending in this action are Fuller's procedural and substantive due process claims seeking monetary damages against Roush in her personal capacity.
- Roush is **GRANTED** leave to file a renewed motion to dismiss directed at those remaining claims.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126